FILED
United States Court of Appeals
Tenth Circuit

February 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG LAFRANZ TAYLOR,

　　　　Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

　　　　Respondent-Appellee.

No. 07-6211

(W.D. Oklahoma)

(D.C. No. CIV-07-283-R)

**ORDER**

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

　　Craig L. Taylor, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's order denying his 28 U.S.C. §

2254 petition for a writ of habeas corpus. Before this court, Mr. Taylor also

seeks to proceed in forma pauperis (IFP). The magistrate judge's report and

recommendation suggested dismissal of five of the nine claims because they were

procedurally defaulted. It recommended denial of habeas relief on the remaining

claims on grounds that the state court's decision was not contrary to or an

unreasonable application of clearly established federal law. The federal district

court adopted the report and recommendation, and denied the habeas petition.

Based substantially upon the reasons set forth in the magistrate judge's report and

recommendation, we deny Mr. Taylor's request for a COA, deny his request to proceed IFP, and dismiss this matter.

## I. BACKGROUND

On August 11, 2004, a jury convicted Mr. Taylor of robbery with a dangerous weapon after former conviction of two or more felonies, and the jury recommended a sentence of life imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) determined that Mr. Taylor was entitled to relief on his contention that the jury received outside information regarding his arrest on another charge. Acting under its discretionary statutory authority provided under Okla. Stat. tit. 22, § 1066, the OCCA modified Mr. Taylor's sentence to twenty years' imprisonment.

Mr. Taylor sought post-conviction relief, which the district court and the OCCA denied. The OCCA determined that Mr. Taylor had procedurally defaulted his claims because none had been raised in his direct appeal.

In his federal petition filed under § 2254, Mr. Taylor asserted nine claims: (1) his right to due process was violated when the jury received outside information (the same claim on which the OCCA granted relief); (2) Mr. Taylor's identification was unreliable and the procedures underlying the identification were improperly leading and suggestive; (3) the court erred in denying a mistrial or questioning the jurors after at least one juror saw him in leg irons and handcuffs; (4) prosecutorial misconduct deprived him of a fair trial; (5) and (6)

the evidence was not sufficient to support the conviction or the sentence; (7) and (8) ineffective assistance of counsel; and (9) the trial court erred when it failed to instruct the jury that Mr. Taylor would have to serve 85% of his sentence before he would be eligible for parole.

## II. DISCUSSION

The magistrate judge recommended the dismissal of the first claim as moot, because the OCCA had already granted Mr. Taylor relief. It considered the OCCA's disposition of the second, third, and fourth claims (pre-trial identification, juror(s) viewing him shackled, and prosecutorial misconduct) and concluded that the OCCA's analysis of each contention was not an unreasonable application of federal law, and recommended the denial of relief. As to the fifth through ninth contentions (insufficiency of evidence to support the conviction and to support the sentence, ineffective assistance of counsel, and failure to instruct regarding the length of the sentence to be served), the magistrate judge determined these claims to be procedurally barred. The district court considered Mr. Taylor's objections to the report and recommendation de novo, and adopted it in its entirety.

The magistrate judge's report and recommendation is detailed, accurate, and complete. Thus, having reviewed the report and recommendation, the district court's order, the record on appeal, Mr. Taylor's submissions, and the relevant

legal authority, we affirm the district court's judgment for substantially the same reasons as those set forth in its order.

## III. CONCLUSION

Because jurists of reason would not find the district court's conclusions debatable, we DENY Mr. Taylor's request for a COA, DENY his request to proceed IFP, and DISMISS the matter.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk